# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**COLEMAN J. WILLIAMS JR.**                                            **PLAINTIFF**

**v.**                                                                             **CIVIL ACTION NO. 1:13CV-P64-R**

**MISSE EDMONDS CAUSEY** *et al*.                                    **DEFENDANTS**

## MEMORANDUM OPINION

*Pro se* Plaintiff, Coleman J. Williams, Jr., proceeding *in forma pauperis*, has filed a complaint pursuant to 42 U.S.C. § 1983 (DNs 1 & 1-2).[1] This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed.

### I. BACKGROUND

Plaintiff brings this action against three Defendants: (1) Misse Edmonds Causey, a Major at the Warren County Regional Jail [WCRJ]; (2) Jackie T. Strode, the Jailor at the WCRJ; and (3) Jeff Robbins, a Major at the WCRJ. He brings this action against all three Defendants in both their individual and official capacities. Plaintiff states that "[u]nder The 14th Amendment Equal Protection Of Laws Against Discrimination. [His] Civil Rights Were Violated." The relief Plaintiff seeks is monetary and punitive damages.

In his complaint, Plaintiff states that on May 3, 2013, Defendant Causey presented him with some jail rules. According to Plaintiff, when he questioned the validity of the rules, Defendant Causey slammed the door in his face and called him an idiot. Plaintiff states that this made him "feel so Belittled, [he] Might As Well Been Called The N-Word." According to

---

[1] Plaintiff originally filed a letter with the Court (DN 1) about the alleged wrongful events. The Court ordered Plaintiff to file his complaint on a court-supplied form. In response thereto, Plaintiff submitted DN 1-2. The Court will consider both in its initial review.

Plaintiff, the actions of Defendant Causey were unconstitutional and displayed her discrimination against him. Plaintiff states that he filed an institutional grievance about this situation which was initially addressed by Defendant Robbins. According to Plaintiff, Defendant Robbins concluded that Defendant Causey "Performed Her Duty Correctly." Plaintiff states that this agreement with and approval of Defendant Causey's "misconduct," made "It OK [] To Display Inappropriate Conduct By A High Ranking Member Of This Facility" and was further discrimination. He further contends that Defendant Robbins "Should Not Condone Such Conduct [since] Slavery Has Been Abolished For Over 150 Years." Plaintiff states he appealed the denial of his grievance, and the appeal was denied by Defendant Strode. According to Plaintiff, Defendant Strode's denial of the grievance was "Further Confirming My Complaint Of Discrimination And That It's OK To Discriminate And To Make Discriminitory Remarks Towards Myself And Other Inmates."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two allegations are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under

color of state law." *Id.* "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In the present case, Plaintiff alleges Defendant Causey violated his constitutional right when she called him an idiot. Further, according to Plaintiff, in denying his grievance against Defendant Causey, Defendants Strode and Robbins condoned her actions thereby violating his rights. Plaintiff contends that Defendants' actions violated the Fourteen Amendment's guarantee of equal protection.

The Fourteenth Amendment's Equal Protection Clause provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). For a "class of one" to prove a violation of the Equal Protection Clause, a plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Searcy v. Gardner*, 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A prison inmate cannot support a claim that his equal protection rights were violated simply by showing that other inmates were treated differently. He must establish that a government official intentionally discriminated against him because of his membership in a protected class."). Plaintiff fails to set forth any facts showing that he was treated differently from others similarly situated to him, that this differing treatment was intentional, or that there was no rational basis for the alleged wrongful treatment about which he complains. The Court is not required to

accept bare legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (citation omitted).

Plaintiff's allegation might more appropriately fit under the Eighth Amendment which proscribes punishments that involve the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). "[H]arassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *see also Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Searcy v. Gardner*, 2008 WL 400424, at *4 ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials.").

Having failed to allege the violation of a right secured by the Constitution, Plaintiff's action must be dismissed for failure to state a claim upon which relief may be granted.

There is an additional reason that this action must be dismissed. Pursuant to the Prison Litigation Reform Act [PLRA], 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." Plaintiff has not alleged the commission of a sexual act. He has also not alleged any physical injury in connection to being called a name he found belittling. Plaintiff's allegation is that Defendant Causey made him feel belittled when she called him an idiot. Without the showing of some physical injury associated with his claim, Plaintiff's action fails.

*See Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (finding that plaintiff's claim that he was uncomfortable after being sprayed with pepper spray was precluded by 42 U.S.C. § 1997e(e) since he failed to show more than a de minimis injury); *Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (affirming the district court's grant of summary judgment in favor of defendant since plaintiff failed to allege any physical injury arising out of the strip searches about which he complained); *Robinson v. Corr. Corp. of Am.*, 14 F. App'x 382, 383 (6th Cir. 2001) (affirming dismissal of claims for "emotional distress, embarrassment, humiliation, and itching" since plaintiff "suffered at most only de minimis physical injury"); *Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000) (alleged humiliation and embarrassment suffered by inmate seen naked and laughed at by female corrections officers failed to satisfy physical-injury requirement); *Pryor v. Cox*, No. 97-3912, 1999 WL 1253040, at *1 (6th Cir. Dec. 13, 1999) (finding plaintiff's claim of being subjected to bad food, unsanitary conditions, and excessive heat without also claiming he had suffered any physical injury as a result of these conditions was meritless).

For these reasons, the Court will enter a separate Order dismissing this action for failure to state a claim upon which relief may be granted.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Warren County Attorney
4413.003